**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| ACCELGOV, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22-1433 |
| ) | |
| THE UNITED STATES, ) | Filed: December 14, 2022 |
| ) | |
| Defendant, ) | Re-issued: December 20, 2022* |
| ) | |
| and ) | |
| ) | |
| TECHNICAL AND MANAGEMENT ) | |
| RESOURCES, INC., ) | |
| ) | |
| Defendant-Intervenor. ) | |

## MEMORANDUM OPINION AND ORDER

In this post-award bid protest, Plaintiff, AccelGov, LLC, challenges the General Services Administration's ("GSA") contract award to Defendant-Intervenor, Technical and Management Resources, Inc. ("TMR"). Plaintiff, the Government, and TMR have all filed Motions for Judgment on the Administrative Record. *See* ECF Nos. 27, 32, 36. On the same day Plaintiff filed its Motion for Judgment on the Administrative Record, it also filed a Motion to Conduct Discovery and to Supplement the Administrative Record ("Motion"), which is now before the Court. *See* ECF No. 28. For the reasons below, the Court **GRANTS** Plaintiff's Motion.

---

\* The Court issued this opinion under seal on December 14, 2022, and directed the parties to file any proposed redactions by December 30, 2022. On December 19, 2022, the parties filed a joint status report advising the Court that they agree the opinion can be released with no redactions. *See* ECF No. 42. As the parties do not propose any redactions, the Court reissues the opinion publicly in full.

1

## BACKGROUND

GSA issued Request for Quote No. 147QFHA22Q0005 ("RFQ") to procure information technology services in support of the Defense Commissary Agency ("DeCA"). Pl.'s Am. Compl. ¶¶ 5–6, ECF No. 26. Advanced Alliant Solutions Team ("AAST"), which is a joint venture between TMR and 22nd Century Technologies, Inc. ("22nd Century"), is the incumbent contractor currently providing similar services to DeCA ("Incumbent Contract"). *Id.* ¶ 24. TMR is the managing partner of this joint venture. *Id.* In its RFQ proposal, TMR listed as past experience its work on the Incumbent Contract, representing that it "works closely with 22nd Century" in performing the contract and that it "has managed [the] contract, since 2018." Admin. R. 2049, ECF No. 25-1 (hereinafter "AR"). To further demonstrate past experience, TMR also listed another AAST contract through which it provided information technology support for the Naval Air Warfare Center Aircraft Division ("NAWCAD Contract"). AR 2053. TMR represented that it was the "Joint Venture (JV) managing partner for this task order (TO) contract as [AAST]." *Id.* In describing the scope of its past experience on these contracts, TMR consistently referred to the work of "the Team," "AAST/TMR," and "AAST/TMR's Team." AR 2049–58.

Plaintiff argues that TMR's descriptions of its past experience on the Incumbent Contract and NAWCAD Contract (collectively "Past Contracts") amount to material misrepresentations. ECF No. 26 ¶¶ 103–05; Pl.'s Mot. for J. Admin. R. at 34, ECF No. 27. Plaintiff contends that, although TMR was the managing partner of the joint venture with 22nd Century that is AAST, it performed a very small percentage of the work under the Past Contracts. ECF No. 26 ¶¶ 110–12; ECF No. 27 at 35. Rather, based on the declaration of 22nd Century's President and the attached task order lead requests, Plaintiff asserts that 22nd Century served as the "Lead" for AAST on the contracts and performed the vast majority of the substantive tasks. *Id.*; *see* Decl. of Satvinder

2

Singh, ECF No. 26-1. Citing to contract-level statistics provided by Mr. Singh, Plaintiff alleges that "TMR did only 9% . . . [of the work on the Incumbent Contract] and 5% . . . on the NAWCAD Contract." ECF No. 27 at 37. Plaintiff argues that TMR should be disqualified from the procurement on account of its misrepresentations. ECF No. 26 at 35.

Plaintiff now moves for leave to conduct limited discovery and supplement the Administrative Record with evidence that it argues is essential to establishing TMR's misrepresentations. *See generally* ECF No. 28. Specifically, Plaintiff requests leave to serve four interrogatories to TMR asking it to describe in detail its work on the Past Contracts and, if it denies that 22nd Century was the lead on those contracts, to describe the basis for that denial. Ex. 1 to Pl.'s Mot. to Conduct Disc. & Suppl. Admin. R., ECF No. 28-1. Plaintiff requests that the Administrative Record be supplemented with TMR's answers to the interrogatories, as well as Mr. Singh's declaration and accompanying attachments. ECF No. 28 at 3. Plaintiff claims these documents "further demonstrate how little work TMR performed on the incumbent contract and the NAWCAD Contract." *Id.*

## DISCUSSION

### I.      Standard for Granting Leave to Conduct Discovery in a Bid Protest

It is well settled that in a bid protest case "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). Therefore, "the parties' ability to supplement the administrative record is limited." *Id.* Indeed, according to Federal Circuit precedent, courts should allow supplementation in record review cases only when "the omission of extra-record evidence precludes effective judicial review." *Id.* at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl.

731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)). Supplementation or discovery is not permissible "merely because the proponent of such measures believes that it will 'improve the court's "understanding" of a case.'" *Connected Glob. Sols., LLC v. United States*, 159 Fed. Cl. 801, 805 (2022) (quoting *NEQ, LLC v. United States*, 86 Fed. Cl. 592, 593 (2009)).

If it is essential for effective review, "[a] party in a bid protest may seek through discovery 'relevant information that by its very nature would not be found in an agency record.'" *Alaska Structures, Inc. v. United States*, 144 Fed. Cl. 80, 85 (2019) (quoting *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 91 Fed. Cl. 347, 354 (2010)). "Evidence of an inaccurate representation falls within that category," *id.*, because "no one could reasonably expect [such evidence] to be contained in the administrative record," *Golden IT, LLC v. United States*, 157 Fed. Cl. 680, 688 (2022). The movant, however, must demonstrate "inconsistencies" in a party's representations that "make plausible the inaccurate representation claim." *Alaska Structures*, 144 Fed. Cl. at 86. Such inconsistencies must be more than "innuendo or suspicion," but need not amount to "explicit contradiction[s]." *Id.* at 85–86 (quoting *Terry v. United States*, 96 Fed. Cl. 156, 164 (2010)). Under this standard, other judges of this Court have granted requests for discovery and/or supplementation in similar circumstances. *See, e.g.*, *id.* at 86; *Golden IT*, 157 Fed. Cl. at 688–89; *Connected Glob. Sols.*, 159 Fed. Cl. at 806; *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 347 (2004).

## II. Discovery and Supplementation of the Record is Necessary to Meaningfully Review Plaintiff's Material Representation Claim.

Plaintiff argues that discovery and supplementation are essential for the Court to effectively review its allegations that TMR made material misrepresentations because those purported misrepresentations are made clear only through evidence that exists or can be developed outside of the record. ECF No. 28 at 3. In response, Defendant and TMR argue that discovery and

4

supplementation are unnecessary because even if Plaintiff receives the answers it expects to receive from TMR, it will be insufficient to support a material misrepresentation claim. TMR's Obj. to Pl.'s Mot. to Conduct Disc. at 2, ECF No. 33; Def.'s Opp'n to Pl.'s Mot. to Conduct Disc. at 2, ECF No. 34. Specifically, they argue that Plaintiff has failed to identify a statement in TMR's proposal that was "false" or to show that the RFQ required TMR to provide the type of specific details Plaintiff seeks to develop through discovery. ECF No. 34 at 2–3; ECF No. 33 at 2. The Court concludes that, at this stage, Plaintiff has made a "plausible . . . inaccurate representation claim" that warrants limited discovery and supplementation. *Connected Glob. Sols.*, 159 Fed. Cl. at 806 (quoting *Alaska Structures*, 144 Fed. Cl. at 86).

 **A.** **Plaintiff Seeks Information Relevant to Its Material Misrepresentation Claim.**

A material misrepresentation claim in a bid protest may be premised on explicitly false statements, or it may be based on inconsistencies or contradictions. *Alaska Structures*, 144 Fed. Cl. at 85–86. The court has likewise entertained misrepresentation claims based on omissions. *See LightBox Parent, L.P. v. United States*, 162 Fed. Cl. 143, 153–58 (2022). Accordingly, demonstrating a false statement or explicit contradiction is not necessarily required to justify a request for limited discovery. *Alaska Structures*, 144 Fed. Cl. at 86. Evidence that TMR omitted information from its proposal, or included inaccurate information, provides a basis for a colorable misrepresentation claim. *Connected Glob. Sols.*, 159 Fed. Cl. at 806.

Here, Plaintiff has alleged that TMR's descriptions of its prior experience on the Past Contracts were inaccurate or misleading because they were "written as if TMR materially participated in performing that work," ECF No. 28 at 2, when allegedly it was "only minimally involved (at best)," ECF No. 37 at 4. For example, TMR represented in the proposal that it has managed the Incumbent Contract and was the managing partner for the NAWCAD Contract, AR

5

2049, 2053, when allegedly 22nd Century was the Lead, ECF No. 26-1 ¶¶ 5, 7 (describing 22nd Century as the "de facto prime contractor").  The level of TMR's involvement in performing the Past Contracts is arguably material where the RFQ stated the DOI would evaluate past experience to determine whether the quoter had "experience *with similar scope, size, and duration with minimal risk* addressing [certain] skill/task areas."  AR 532 (emphasis in original).  The DOI relied on TMR's past experience descriptions to find that, cumulatively, its experience "included similar scope and magnitude of effort and complexities" of the RFQ's requirement.  AR 2654.

Moreover, Plaintiff has provided more than innuendo or speculation to support its request.  To demonstrate that discovery is warranted, Plaintiff cites to Mr. Singh's declaration and its accompanying attachments.  *See* ECF Nos. 26-1– 26-4.  Mr. Singh avers that, as the "Lead" on the Past Contracts," [i]t performed the bulk of the work, managed the work and served as the government customer's primary point of contact."  ECF No. 26-1 ¶ 7.  Mr. Singh's declaration also attaches copies of the AAST Joint Venture Task Order Lead Requests and contract-level statistics that purportedly show the relative breakdown of work and revenue between TMR and 22nd Century on the Past Contracts.  *See* ECF Nos. 26-2, 26-4.

Ultimately, Plaintiff bears the burden of proving its misrepresentation claim.  Whether such claim is substantiated and, if so, dispositive of this protest are questions that must be resolved on the merits.  At this stage, however, Plaintiff has made a colorable allegation of material misrepresentation and provided at least some supporting evidence.  *Connected Glob. Sols.*, 159 Fed. Cl. at 806.  Because the Court's resolution will necessarily be contingent on information that does not (and normally would not) appear in the Administrative Record, Plaintiff's request for discovery and supplementation is granted.

### B.     Plaintiff's Proposed Discovery is Narrowly Tailored to the Needs of the Case.

Even where a movant justifies the need for discovery in a bid protest case, "[t]he Court must carefully tailor [such] discovery . . . to reduce its intrusiveness and to limit it to matters that may lead to relevant evidence." *Orion Int'l Techs.*, 60 Fed. Cl. at 345.  Here, Plaintiff's proposed discovery is limited and tailored to obtaining information relevant to Plaintiff's material misrepresentation claim.  The discovery consists of only four interrogatories requiring TMR to explain more fully its involvement in the Past Contracts, including identifying the TMR employees who worked on the contracts and how much revenue TMR received.  *See* ECF No. 28-1 at 2–3.  The interrogatories also require TMR to explain the basis of any denial that 22nd Century led the Past Contracts.  *Id.* at 3.  Since TMR's answers could support Plaintiff's allegation that TMR omitted material information from its proposal, or included incorrect information, in a way that made its past experience descriptions inaccurate, they seek relevant information.  Furthermore, the interrogatories are not overly extensive, intrusive, or unduly burdensome.

Accordingly, the Court will direct TMR to respond to Plaintiff's interrogatories (ECF No. 28-1) in the form of a declaration executed under oath and filed with the Court under seal.  Given the expedited nature of this bid protest and the deadlines in the current scheduling order, TMR will provide its answers within 14 days, or by no later than December 28, 2022.  At this time, the Court does not see a reason to alter the current briefing schedule pending TMR's answers and expects that the parties will make any arguments based on the responses during the motions hearing on January 6, 2022.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Conduct Limited Discovery and to Supplement the Administrative Record (ECF No. 28).  The

Administrative Record is supplemented with all four documents contained within Exhibit 1 to Plaintiff's Amended Complaint (ECF Nos. 26-1–26-4), as well as TMR's forthcoming discovery responses. TMR shall file with the Court its answers to Plaintiff's interrogatories (ECF No. 28-1) by **no later than December 28, 2022.**

This opinion and order will be unsealed in its entirety after January 3, 2023, unless the parties submit **by no later than December 30, 2022**, an objection specifically identifying the protected information subject to redaction. Any objecting party must submit a proposed redacted version of the decision and provide the reason(s) supporting the party's request for redaction.

**SO ORDERED**.

Dated: December 14, 2022          */s/ Kathryn C. Davis*
                                  KATHRYN C. DAVIS
                                  Judge